IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA CLUB, *et al.*, | No. C 13-3953 SI |
| Plaintiffs, | **ORDER GRANTING STATES' MOTIONS TO INTERVENE AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| REGINA MCCARTHY, in her official capacity as Administrator of the United States Environmental. Protection Agency, | |
| Defendant. | |

Plaintiffs' motion for summary judgment was originally scheduled for a hearing on December 13, 2013. Pursuant to the parties' stipulation, the motion was submitted on the papers. In addition, two motions to intervene in this case are scheduled for a hearing on December 13, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines the motions to intervene are appropriate for resolution without oral argument. For the reasons set forth below, the Court GRANTS the motions to intervene and GRANTS plaintiff's motion for summary judgment. Docket Nos. 16, 23 & 55. The Court DENIES as moot North Carolina's motion to expedite and motion to alter the procedure for developing a remedy. Docket Nos. 68 & 70.

**DISCUSSION**

**I.      States' motions to intervene**

The Commonwealth of Kentucky Energy and Environment Cabinet, the State of Louisiana

Department of Environmental Quality, and the states of North Carolina, North Dakota, Arizona, Nevada and Texas (collectively "the States") seek to intervene as plaintiffs a matter of right under Federal Rule of Civil Procedure 24(a), or alternatively permissively under Rule 24(b). Plaintiffs oppose any intervention by the States, while defendant opposes intervention as of right but takes no position with regard to permissive intervention.

Plaintiffs filed this action for declaratory and injunctive relief seeking to compel defendant to perform her non-discretionary duty under the Clean Air Act to promulgate and publish designations identifying all areas of the nation that meet or fail to meet the revised sulfur dioxide national primary ambient air quality standard ("the standard"), as well as all areas of the nation where information is inadequate to make a designation. As discussed *infra*, defendant does not dispute liability, and thus at all that is at issue is the remedy. The States contend that they have a significant protectable interest in this case because, *inter alia*, the States are responsible for devising and implementing plans to achieve pollution reduction for any areas designated as "nonattainment" areas. The States argue that they have an interest in whatever remedy the Court orders, whether that remedy is limited to setting a deadline for the EPA to make its designations or also includes requirements that affect the process for making designations.

Rule 24(b)(2) provides that on timely application the Court may allow a non-party to intervene "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. Proc. 24(b)(2). "The language of the rule makes clear that if the would be intervenor's claim or defense contains no question of law or fact that is raised also by the main action, intervention under Rule 24(b)(2) must be denied. But, if there is a common question of law or fact, the requirement of the rule has been satisfied and it is then discretionary with the court whether to allow intervention." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002).

The Court exercises its discretion and concludes that the States should be granted permissive intervenor status.[1] The States' motions are timely, as they were filed one month after this case was filed. Even if, as the parties assert, the remedy in this case will be limited to a court-ordered deadline for EPA

---

[1] Accordingly, the Court finds it unnecessary to address the parties' arguments about intervention as of right.

to complete its designations, the States will be directly affected because they have an interest in when the EPA makes its designations. The States assert that until the EPA acts on the States' recommendations about sulfur dioxide area designations, the States do not know whether their individual sulfur dioxide programs are adequate, and they claim that they want the designation process completed as soon as possible. It is also undisputed that if the EPA designates areas within any of the intervening states as nonattainment, the States are required to take steps to bring those areas into compliance with the standard. For the foregoing reasons, the Court GRANTS the States' motions to intervene. Docket Nos. 16 and 23.[2]

## II. Plaintiffs' motion for summary judgment

Plaintiffs have moved for summary judgment on the issue of liability, and request an order determining that defendant is in violation of her non-discretionary duty under the Clean Air Act to promulgate and publish designations for all areas of each state regarding whether those areas meet the revised sulfur dioxide national primary ambient air quality standard no later than three years from promulgation of the standard on June 2, 2010, 75 Fed. Reg. 35,520 (signed June 2, 2010, published June 22, 2010).

Defendant does not dispute liability, and accordingly the Court finds as a matter of law that defendant is in violation of her non-discretionary duty under the Clean Air Act, 42 U.S.C. § 7407(d)(1)(B), (d)(2)(A) to promulgate and publish designations for all areas of each state for the standard no later than three years from promulgation of the standard.

///

---

[2] The Court does not find it appropriate to condition the States' intervention in any of the ways suggested by the parties. If necessary and at the proper time, the Court will consider issues regarding attorneys' fees and the relationship between this action and the other related cases pending in other courts.

The parties are directed to meet and confer regarding the remedy, and if they are unable to agree on the remedy, the parties shall stipulate if possible to a briefing schedule regarding the remedy. The parties shall file either a joint stipulation or separate submissions regarding a proposed schedule within 21 days of this order.

**IT IS SO ORDERED.**

Dated: December 6, 2013

SUSAN ILLSTON
United States District Judge