SAM HIRSCH
Acting Assistant Attorney General
Environment and Natural Resources Division
MARTHA C. MANN
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel:    (202) 514-2664
Fax:    (202) 514-8865
Email:  martha.mann@usdoj.gov

Attorneys for Defendant Gina McCarthy,
Administrator, United States
Environmental Protection Agency

[Additional counsel listed on signature page]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SIERRA CLUB and NATURAL RESOURCES DEFENSE COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>GINA MCCARTHY, in her official capacity as Administrator of the United States Environmental Protection Agency,<br><br>Defendant. | Case No.: 3:13-cv-3953-SI<br><br>**[PROPOSED]** **CONSENT DECREE** |

1       WHEREAS, on August 26, 2013, Plaintiffs Sierra Club and Natural Resources Defense
2 Council ("Plaintiffs") filed the complaint ("Complaint") in the above-captioned matter against
3 Defendant Regina McCarthy in her official capacity as Administrator of the United States
4 Environmental Protection Agency ("EPA") alleging that EPA has failed to undertake a certain
5 nondiscretionary duty under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and that
6 such alleged failure is actionable under section 304(a)(2) of the CAA, 42 U.S.C. § 7604(a)(2);

7       WHEREAS, within one year after promulgation of a revised national ambient air
8 quality standard ("NAAQS"), section 107(d)(1)(A) of the CAA directs states to submit lists of
9 initial designations of all areas, or portions thereof, as attainment, nonattainment, or
10 unclassifiable for the revised NAAQS, 42 U.S.C. § 7407(d)(1)(A);

11       WHEREAS, EPA is required to promulgate designations for all areas of the country
12 (including tribal areas and certain U.S. territories) within two years of promulgation of the
13 revised NAAQS, or within three years if EPA has insufficient information to promulgate the
14 designations within two years, pursuant to section 107(d)(1)(B) of the CAA, 42 U.S.C.
15 § 7407(d)(1)(B);

16       WHEREAS, EPA is required to publish a notice in the Federal Register promulgating
17 designations, pursuant to section 107(d)(2)(A) of the CAA, 42 U.S.C. § 7407(d)(2)(A);

18       WHEREAS, EPA revised the primary NAAQS for sulfur dioxide ("$SO_2$") on June 2,
19 2010, *see* 75 Fed. Reg. 35,520 (June 22, 2010);

20       WHEREAS, states were directed to submit their area designations for the 2010 revised
21 primary $SO_2$ NAAQS by June 2, 2011, *see* 75 Fed. Reg. at 35,385/col. 2;

22       WHEREAS, on August 3, 2012, EPA invoked the additional year to issue designations,
23 *see* 77 Fed. Reg. 46,295 (Aug. 3, 2012);

24       WHEREAS, on August 5, 2013, EPA published designations under the 2010 revised
25 primary $SO_2$ NAAQS for twenty-nine areas in sixteen states, thus removing such areas from
26 the potential scope of the above-captioned matter, *see* 78 Fed. Reg. 47,191 (Aug. 5, 2013);

27       WHEREAS, the Complaint alleges that EPA has a nondiscretionary duty to promulgate
28 and publish the remaining area designations for the 2010 revised primary $SO_2$ NAAQS within

2

[PROPOSED] CONSENT DECREE
CASE NO.: 3:13-cv-3953-SI

the time lines set forth in section 107(d)(1)(B) of the CAA, 42 U.S.C. § 7407(d)(1)(B), (d)(2)(A);

WHEREAS, on October 29, 2013, Plaintiffs filed a Motion for Summary Judgment on the issue of liability in the above-captioned matter, reserving for future briefing the issue of remedy;

WHEREAS, on November 12, 2013, EPA filed its response to Plaintiffs' Motion for Summary Judgment and did not dispute the claim of liability;

WHEREAS, on December 6, 2013, the Court granted Plaintiffs' Motion for Summary Judgment, and directed the parties to meet and confer on the remedy;

WHEREAS, the Plaintiffs and EPA have agreed to a settlement of this action;

WHEREAS, the Plaintiffs and EPA, by entering into this Consent Decree, do not waive or limit any claim or defense, on any grounds, related to any EPA final action;

WHEREAS, the Plaintiffs and EPA consider this Consent Decree to be an adequate and equitable resolution of all the claims in this matter;

WHEREAS, it is in the interest of the public, the Plaintiffs and EPA, and judicial economy to resolve this matter without unnecessary protracted litigation;

WHEREAS, the Administrator has proposed and anticipates promulgating a rulemaking that would direct states to conduct additional information collection and analyses regarding certain stationary sources of $SO_2$, for purposes of informing future area designations under the 2010 revised primary $SO_2$ NAAQS, *see* 79 Fed. Reg. 27,449 (May 13, 2014);

WHEREAS, the Plaintiffs and EPA agree that this Court has jurisdiction over this matter pursuant to the citizen suit provision of section 304(a)(2) of the CAA, 42 U.S.C. § 7604(a)(2);

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any additional issue of fact or law that the Court has not already addressed in this matter, and upon consent of the Plaintiffs and EPA, it is hereby ordered, adjudged and decreed, that:

1.     EPA shall sign for publication in the Federal Register no later than sixteen (16) months from the date of this Court's entry of this Order a notice of EPA's promulgation of designations for the 2010 revised primary $SO_2$ NAAQS pursuant to section 107(d) of the CAA, and within ten (10) business days following such signature deliver the notice to the Office of the Federal Register for review and prompt publication, for remaining undesignated areas which:

    (a) based on air quality monitoring in the three (3) full calendar years preceding such deadline have monitored violations of the 2010 revised primary $SO_2$ NAAQS; or

    (b) contain any stationary source that has not been "announced for retirement" pursuant to subparagraph (c) by the date of this Consent Decree, and that, according to the data in EPA's Air Markets Database, either (1) emitted more than 16,000 tons of $SO_2$ in 2012, or (2) emitted more than 2,600 tons of $SO_2$ and had an annual average emission rate of 0.45 lbs $SO_2$/Mmbtu or higher in 2012; where

    (c) "announced for retirement" means any stationary source in the United States with a coal-fired unit that as of January 1, 2010, had a capacity of over five (5) megawatts (MW) and that has announced that it will cease burning coal at that unit through a company public announcement, public utilities commission filing, consent decree, public legal settlement, final state or federal permit filing, or other similar means of communication.

2.     EPA shall sign for publication in the Federal Register no later than December 31, 2017, a notice of EPA's promulgation of designations for the 2010 revised primary $SO_2$ NAAQS pursuant to section 107(d) of the CAA, and within ten (10) business days following such signature deliver the notice to the Office of the Federal Register for review and prompt publication, for remaining undesignated areas in which, by January 1, 2017, states have not installed and begun operating a new $SO_2$ monitoring network meeting EPA specifications

1  referenced in EPA's anticipated rulemaking directing states to collect and analyze additional
2  information regarding $SO_2$ emissions concentrations.

3    3. EPA shall sign for publication in the Federal Register no later than December
4  31, 2020, a notice of EPA's promulgation of designations for the 2010 revised primary $SO_2$
5  NAAQS pursuant to section 107(d) of the CAA, and within ten (10) business days following
6  such signature deliver the notice to the Office of the Federal Register for review and
7  publication, for all remaining undesignated areas.

8    4. After EPA's obligations under Paragraphs 1 through 3 have been completed,
9  and after the notices required by Paragraphs 1 through 3 have been published in the Federal
10 Register, EPA may move to terminate the Consent Decree.  The Plaintiffs shall have fourteen
11 (14) days in which to respond to such motion.

12   5. Following delivery of the notices of promulgation of designations described in
13 Paragraphs 1 through 3 to the Office of the Federal Register, EPA shall not take any action
14 (other than is necessary to correct any typographical errors or other errors in form) to delay or
15 otherwise interfere with publication of such notices in the Federal Register.  EPA shall make
16 available to the Plaintiffs copies of the notices within five (5) business days following
17 signature by the Administrator.

18   6. The Plaintiffs and EPA may extend the deadlines established in Paragraphs 1
19 through 3 for a period of sixty (60) days or less by written stipulation executed by counsel for
20 the Plaintiffs and EPA and filed with the Court.  In addition, the deadlines established in
21 Paragraphs 1 through 3 may be extended by the Court upon motion by any party to this
22 Consent Decree for good cause shown, after consideration of any response by the non-moving
23 party to this Consent Decree.  Any party to this Consent Decree seeking to extend deadlines by
24 motion and without stipulation must provide written notice to all other parties to this Consent
25 Decree of the deadlines the party is seeking to extend at least ten (10) business days prior to
26 filing with the Court such motion.  No motion to extend a deadline shall be considered properly
27 filed unless notice pursuant to this Paragraph is provided, or the moving party demonstrates
28 why it could not have provided the advance written notice.

7.     Nothing in this Consent Decree shall be construed to limit or modify the discretion accorded EPA by the CAA and by general principles of administrative law, including the discretion to alter, amend or revise any response and/or final action contemplated by this Consent Decree.  EPA's obligations to take the actions set forth in Paragraphs 1 through 3 by the dates specified do not constitute limitations or modifications of EPA's discretion within the meaning of this paragraph.

8.     Nothing in this Consent Decree shall be construed to confer upon the District Court jurisdiction to review any final decision made by EPA pursuant to this Consent Decree. Nothing in this Consent Decree shall be construed to confer upon the District Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Court of Appeals pursuant to section 307(b)(1) of the CAA, 42 U.S.C. § 7607(b)(1).  Nothing in the terms of this Consent Decree shall be construed to waive any remedies or defenses the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

9.     This Court shall retain jurisdiction to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including attorneys' fees.

10.    In the event of a dispute between the parties to this Consent Decree concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations.  If the parties cannot reach an agreed-upon resolution within ten (10) business days after receipt of notice, any party may move the Court to resolve the dispute.

11.    No motion or other proceeding seeking to enforce this Consent Decree shall be considered properly filed, unless the Plaintiffs have followed the procedure set forth in Paragraph 10.

12.    The United States, on behalf of EPA, agrees that the Plaintiffs are entitled to recover their costs of litigation (including reasonable attorneys' fees) ("litigation costs") incurred in this matter pursuant to 42 U.S.C. § 7604(d).  The deadline for filing a motion for litigation costs is hereby extended until 120 days after entry of this Consent Decree by the

1  Court.  During this time, the Plaintiffs and EPA shall seek to resolve informally any claim for
2  litigation costs, and if they cannot reach a resolution, the Plaintiffs may seek such litigation
3  costs from the Court. The Court shall retain jurisdiction to resolve any request for litigation
4  costs.

5      13.    The obligations imposed upon EPA by this Consent Decree may only be
6  undertaken using appropriated funds.  No provisions of this Consent Decree shall be
7  interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in
8  contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable federal
9  law.

10      14.    The parties recognize that the possibility exists that a lapse in the
11  appropriations that fund EPA could delay compliance with the timetables contained in this
12  Consent Decree.  Should a delay occur due to a lapse in appropriations, any deadlines
13  occurring within ninety (90) days of the termination of the delay shall be extended one day for
14  each day of the delay.  EPA will provide Plaintiffs with notice as soon as is reasonably possible
15  under the circumstances in the event that EPA invokes this Paragraph of the Consent Decree
16  and will provide Plaintiffs with an explanation of EPA's basis for invoking this Paragraph.
17  Plaintiffs may challenge the invocation of this Paragraph of the Consent Decree under the
18  dispute resolution terms of this Consent Decree, and EPA shall bear the burden of justifying its
19  invocation of this Paragraph.

20      15.    The Plaintiffs and EPA shall not challenge the terms of this Consent Decree or
21  this Court's jurisdiction to enter this Consent Decree.

22      16.    The Plaintiffs and EPA agree and acknowledge that before this Consent
23  Decree is entered by the Court, EPA must provide notice of this Consent Decree in the Federal
24  Register and provide an opportunity for public comment pursuant to section 113(g) of the
25  CAA, 42 U.S.C. § 7413(g).  After this Consent Decree has undergone notice and comment, the
26  Administrator and/or the Attorney General, as appropriate, shall promptly consider any such
27  written comments in determining whether to withdraw or withhold their consent to the Consent
28  Decree, in accordance with section 113(g) of the CAA.  If the Administrator and/or the

1  Attorney General do not elect to withdraw and withhold their consent, EPA shall promptly file
2  a motion that requests the Court to enter this Consent Decree.
3      17.    Any notices required or provided by this Consent Decree shall be made in
4  writing, via facsimile, e-mail, or other means, and sent to the following:
5          For Plaintiffs:

        Nicholas Morales
        David S. Baron
        Earthjustice
        1625 Massachusetts Ave., STE 702
        Washington, DC 20036
        nmorales@earthjustice.org
        dbaron@earthjustice.org
        Fax: 202-667-2356

        Zachary M. Fabish
        The Sierra Club
        50 F Street, NW – 8th Floor
        Washington, DC 20001
        zachary.fabish@sierraclub.org
        Fax: 202-547-6009

        Emily K. Davis
        Natural Resources Defense Council
        1152 15th Street, NW, Suite 300
        Washington, DC 20005
        edavis@nrdc.org
        Fax: 202-289-1060

    For Defendant:

        Martha C. Mann
        United States Department of Justice
        Environmental Defense Section
        P.O. Box 7611
        Washington, DC  20044
        martha.mann@usdoj.gov
        Fax:  202-514-8865

Michael Thrift
United States Environmental Protection Agency
Office of General Counsel
Air and Radiation Law Office (2344-A)
1200 Pennsylvania Avenue NW
Washington, DC 20460
thrift.mike@epa.gov

18. The undersigned representatives of each party to this Consent Decree certify that they are fully authorized by the party that they represent to bind that party to the terms of this Consent Decree.

COUNSEL FOR PLAINTIFFS:

Dated: 8/8/2014

NICHOLAS MORALES, Admitted Pro Hac Vice

DAVID S. BARON, Admitted Pro Hac Vice
Earthjustice
1625 Massachusetts Ave, STE 702
Washington, DC 20036
dbaron@earthjustice.org,
nmorales@earthjustice.org
Tel: 202-667-4500/Fax: 202-667-2356

PAUL R. CORT, State Bar No. 184336
Earthjustice
50 California Street
San Francisco, CA 94111
pcort@earthjustice.org
igutierrez@earthjustice.org
Tel: 415-217-2000/Fax: 415-217-2040

ZACHARY M. FABISH, State Bar No. 247535
Staff Attorney
The Sierra Club
50 F Street, NW - 8th Floor
Washington, DC 20001
zachary.fabish@sierraclub.org
Tel: 202-675-7917/Fax: 202-547-6009

COUNSEL FOR DEFENDANT:

Dated: August 8, 2014

*[signature]*

SAM HIRSCH
Acting Assistant Attorney General
Environment & Natural Resources Division

MARTHA C. MANN
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-2664
E-mail: martha.mann@usdoj.gov

*Counsel for Defendant EPA*

SO ORDERED on this 2nd day of March, 2014.

*[signature]*

SUSAN ILLSTON
United States District Judge

10

[PROPOSED] CONSENT DECREE
CASE NO.: 3:13-cv-3953-SI